JONES, JUDGE:
This claim is for demurrage on gas cylinders furnished by the claimant, Johnson Welders Supply, Inc., to the respondent, Department of Mental Health, at the Weston State Hospital. Most of the claimant’s records were destroyed in a fire in January 1968, and the only record produced by either party was a ledger sheet showing a starting balance of $264.51 prior to July 12, 1967, and a closing balance of $157.39, the amount of the claim, dated May 9, 1968. It is shown by the evidence that all invoices carried a statement in the lower left corner providing for a demurrage charge after thirty (30) days, but that in 1964 or 1965, an oral agreement was entered into under the terms of which no demurrage would be charged. The claimant testified that in the latter part of the year 1967, he mailed a letter to all state institutions with which he was dealing, stating that thereafter demurrage would be charged on all accounts, and that his copies of the letters were destroyed in the fire. The agents of the respondent employed at Weston State Hospital disclaimed any knowledge of such a letter. The claimant further contends that custom 'and usage in the gas cylinder business entitles him to charge for de-murrage unless such charges are specifically waived.
It clearly appears that there was an agreement that no demurrage would be charged, and the claimant’s proof of any change in that agreement by virtue of a written notice or custom and usage is insufficient to sustain his position. The claimant has not proved his case by a preponderance of the evidence.
*96 The Court further points out that if the letter giving notice of a change in the agreement was mailed in the latter part of 1967, as testified by the claimant, it may not 'have applied to the demurrage charges shown on the claimant’s ledger account, as all of the unpaid charges were dated prior to August 30, 1967, and more than one-half of said charges were billed prior to July 12, 1967.
For the reasons given, the claim is disallowed.